UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:19-cr-752-1 |
| Daniel M. Bowles, Defendant. | § § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Lance Watt, Assistant United States Attorney, and the defendant, Daniel M. Bowles ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and/or 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Three of the Indictment. Count Three charges the Defendant with Conspiracy to Possess with the Intent to Distribute 5F-MDMB-PINACA and 5F-AMB, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846. Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846 is imprisonment of not more than twenty (20) years and a fine of not more than $1,000,000. Additionally, Defendant may receive a term of supervised

1

release after imprisonment of at least three (3) years up to life. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b) and Title 21, United States Code, section 841(b)(1)(C). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from

2

Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraphs 21 through 25 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to drug trafficking, money laundering and illegal immigration. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

   (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

   (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

3

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or

4

sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count Three of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing; and

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

5

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b)   to set forth or dispute sentencing factors or facts material to sentencing;

   (c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

   (e)   to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges

6

and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

7

**Factual Basis for Guilty Plea**

15. Defendant is pleading guilty because he/she is in fact guilty of the charges contained in Count Three of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

a. The defendant is one of several persons involved in a Drug Trafficking Organization (DTO) manufacturing and distributing 5F-AMB (the common name for Methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3methylbutanoate) and 5F-MDMB-PINACA (the common name for methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3, 3-dimethylbutanoate) to Laredo, Texas and elsewhere. Both 5F-AMB and 5F-MDMB-PINACA, as of April 10, 2017, are Schedule 1 Controlled Substances; prior to April 10, 2017, both 5F-AMB and 5F-MDMB-PINACA were Controlled Substance Analogues, as defined in Title 21 U.S.C. § 802(32), intended for human consumption. Throughout the course of this conspiracy, from February 2012 through October 2019, the Defendant individually or through his businesses (DRS Enterprises Inc., DR Wholesale Inc. (CA, AZ, TX), DRL Wholesale Inc., New Spin Wholesale LLC, and DB Wholesale LLC) manufactured, packaged, sold and distributed 5F-AMB and 5F-MDMB-PINACA to retail establishments throughout the United States, including the Southern District of Texas. Through his participation, the Defendant received and collected drug proceeds or monies derived from the sale or distribution of controlled substances and controlled substance analogues. As part of the conspiracy, these proceeds were recycled back into the DTO, by purchasing rental properties including storage lots and mail boxes, and making payments of business debts including payment of labor costs related to sales commission, shipment, storage, and distribution of controlled substances and

controlled substance analogues. It was further part of the conspiracy that these proceeds were transferred among coconspirators and their corporations or businesses to create the appearance of legitimate business transactions and/or to conceal the source of funds. The Defendant also used these proceeds to purchase and/or invest in various assets, including businesses, real estate, and vehicles in a manner to conceal and disguise the nature, ownership, control, and source of their illicit funds.

b. During the course of the charged conspiracy, agents recorded multiple conversations between a purported smoke shop owner in Laredo, Texas and the Defendant or others working with the Defendant. In these communications (from April 2015 through February 2019), the purported shop owner (hereafter, confidential source (CS)) purchased over 23 kilograms of 5F-AMB and 5F-MDMB-PINACA from the Defendant and his associates.[1] In one recording the CS speaks with the Defendant, Daniel Bowles, who identifies himself as the boss of the call-takers communicating with the CS, stating he handles the business finances while his (then) wife handles the manufacturing and warehouse aspects. The CS' purchased products were shipped from locations in California or Arizona to Laredo, Texas under the name of various

---

[1] April 29, 2015 seizure of (exhibit 81) 3.48 kilos 5F-AMB ; May 21, 2015 seizure of (exhibit 83) 1.75 kilo of 5K-AMB; June 4, 2015 seizure of (exhibit 84) 2.2 kilos of 5F-AMB; July 10, 2015 seizure of (exhibit 85) 1.7 kilos of 5F-AMB; July 14, 2015 seizure of (exhibit 86) 4.26 kilos of 5F-AMB and (exhibit 87) 28 ml of 5F-MDMB-PINACA; September 8, 2015 seizure of (exhibit 88) 212 ml of 5F-MDMB-PINACA; November 3, 2015 seizure of (exhibit 89) 1.27 kilograms of 5F-MDMB-PINACA; December 2, 2015, seizure of (exhibits 91, 92, & 93) 34 grams of 5F-MDMB-PINACA; March 24, 2016 seizure of (exhibits 94 & 96) 41 grams & 1.75 kilograms of 5F-MDMB-PINACA; May 23, 2016 seizure of (exhibit 98) 4 kilograms of 5F-MDMB-PINACA; October 25, 2016 seizure of (exhibits 99 & 100) 36.2 oz. of 5F-MDMB-PINACA; September 14, 2017, seizure of (exhibit 101) 539.5 grams of 5F-MDMB-PINACA; July 18, 2018, seizure of (exhibit 103) 986.9 grams of 5F-MDMB-PINACA; August 20, 2018 seizure of (exhibit 106 & 107) 539 grams of 5F-MDMB-PINACA; February 14, 2019 seizure of (exhibit 108) 589.8 grams of 5F-MDMB-PINACA.

9

businesses; while, the call-takers speaking with the CS were in Utah or Arizona. The CS' payments for the purchased 5F-AMB or 5F-MDMB-PINACA were often in cashier's checks or money orders, issued to business entities belonging to the Defendant or one of his associates.

c. During this investigation, agents identified numerous bank accounts and tracked cashier's checks and money orders, which the investigation determined were from multiple retail smoke shops located throughout the United States. The related financial records show that the Defendant and others received over $15,409,000 in illicit proceeds from the sale of 5F-AMB, 5F-MDMB-PINACA, or other synthetic cannabinoids. With his acquired illicit proceeds, the Defendant purchased rental properties or storage locations to keep his product and packaging material, he rented various mailboxes to receive payments, and he paid coconspirators for services including: manufacturing, shipping or mailing and call-taking. The Defendant also admits that with his illicit proceeds he made purchases of over $10,000 for various assets. These purchases include: Defendant's October 14, 2015, purchase of a vehicle (Bentley) with cashier's checks totaling $166,243; the Defendant's February 14, 2017, purchase of a pontoon boat with a $91,209 cashier's check; and Defendant's December 20, 2018, purchased of a recreational vehicle with a $158,540 cashier's check. The Defendant stipulates and agrees that these purchases were made with proceeds from the criminal offense and are subject to forfeiture. In addition, the Defendant stipulates and agrees to a $5,000,000 personal money judgment further discussed in paragraph 22 of this plea agreement.

d. The defendant hereby admits that he was part of a conspiracy to manufacture, sell and distribute controlled substances and controlled substance analogues, 5F-AMB and 5F-MDMB-PINACA knowing that the products were for human consumption. Specifically, the defendant admits that these substances, also termed synthetic cannabinoids, are subject U.S.S.G. Drug

Conversion Tables of 1 gram of synthetic cannabinoids equals 167 grams of converted drug weight. The Defendant also admits to conducting financial transactions (the movement and/or exchange of monetary instruments) knowing that the transactions were done to conceal and disguise the nature, source, ownership or control of the proceeds which he knew were from the distribution of controlled substances and/or controlled substance analogues.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea

Conversion Tables of 1 gram of synthetic cannabinoids equals 167 grams of converted drug weight. The Defendant also admits to conducting financial transactions (the movement and/or exchange of monetary instruments) knowing that the transactions were done to conceal and disguise the nature, source, ownership or control of the proceeds which he knew were from the distribution of controlled substances and/or controlled substance analogues.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea

agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Forfeiture

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that any interest he has in the following specific properties are subject to forfeiture:

a) The real property and improvements located at **2307 East Electra Lane, Phoenix, Arizona** and legally described as: Situated in Maricopa County, Arizona, and being Lot 184, of MOUNTAINGATE NORTH II, according to Book 452 of Maps, Page 48, records of Maricopa County, Arizona

b) The real property and improvements located at **9933 E. Happy Valley Road, Scottsdale, Arizona** and legally described as: Situated in Maricopa County, Arizona, and being Lot 2, TRES CASAS, According to Book 346 of Maps, page 47, records of Maricopa County, Arizona

c) The real property and improvements located at **9046 Lindsey, Downey, California** and legally described as: Lot 1 of Tract No. 23734 in the City of Downey, in the County of Los Angeles, State of California, as shown on Map filed in Box 628, Page 25 and 26 of Maps, in the Office of the County Recorder of said County.

22. Defendant stipulates and agrees that Defendant obtained at least $5,000,000 from the criminal offense and that the factual basis for his guilty plea supports the forfeiture of $5,000,000. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $5,000,000. Defendant agrees to the imposition of a personal money judgment in that amount.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on September 7, 2021.

_____
Defendant

Subscribed and sworn to before me on September 7, 2021.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Jennifer B. Lowery

By: _____
Assistant United States Attorney
Southern District of Texas
Telephone: 361-903-7935
lance.watt@usdoj.gov

_____
George Murphy
Attorney for Daniel Bowles
Telephone 713-653-1960
george@georgemurphylawyer.com

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:19-cr-752-1 |
| Daniel M. Bowles, Defendant. | § § | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          9/3/21
Attorney for Defendant                            Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____          9/3/21
Defendant                                        Date

15