United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL M. BOWLES, § | |
| BOP # 29360-508, § | |
| § | CRIMINAL NO. 4:19-752-1 |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-2821 |
| § | |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

Federal inmate Daniel M. Bowles, proceeding *pro se*, moved to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Dkt. 357; Dkt. 369). The Government filed a motion for summary judgment (Dkt. 374) and argues that the motion should be denied without further proceedings. Having considered the motion, the response, the applicable law, and all matters of record, the Court will **grant** summary judgment for the Government and **deny** Bowles' motion for the reasons explained below.

### I.   BACKGROUND

On September 7, 2021, Bowles pleaded guilty to one count of conspiracy to possess with intent to distribute 5F-MDMB-PINACA and 5F-AMB, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and §846. *See* Dkt. 215 (minute entry for rearraignment); Dkt. 217 (plea agreement); Dkt. 366 (rearraignment transcript). At rearraignment, the Government summarized a plea agreement with Bowles in which he agreed to plead guilty to the offense, which carried a penalty of not more than 20 years in prison and not more than $1 million in fines, or both, and to forfeiture of certain property (Dkt. 366, at 8; *see*

Dkt. 217, at 1-2, 10). Bowles further agreed to cooperate with authorities and to waive his right to appeal or collaterally attack his sentence, except for his right to bring a claim of ineffective assistance of counsel (Dkt. 366, at 21-22; Dkt. 217, at 3-5). The Government agreed to move to dismiss any remaining counts at the time of sentencing (*id*. at 5).

Under oath, Bowles testified that he was satisfied with the representation from his counsel. He also testified that he had read and discussed the plea agreement with his counsel, that he understood it, that no one had forced him to plead guilty or made him promises or assurances that were not in the written agreement, and that he was pleading guilty of his own free will. He stated that he understood the maximum penalties, that his sentence would not be determined until a Pre-Sentence Investigation Report (PSR) was prepared, and that the Court had authority to impose a sentence above or below the sentencing guideline range (Dkt. 366, at 6-10). After the Government detailed the elements of the charge against Bowles and the factual basis for the Government's showing of Bowles' guilt, Bowles agreed the facts recited by the Government were true and then entered a plea of guilty. The Court found that his plea was informed, knowing, voluntary, and supported by an independent basis in fact supporting each element of the offense (*id*. at 12-19).

The plea agreement and PSR detail Bowles' leadership of a Drug Trafficking Organization (DTO) that conspired to manufacture and distribute synthetic cannabinoids (namely, 5F-MDMB-PINACA and 5F-AMB) between 2012 and 2019 (Dkt. 217, at 8-11;

Dkt. 245, at 8-14, ¶¶ 34-57 (PSR)).[1] In 2014, Bowles entered a settlement with the United States Attorney in Maryland agreeing to forfeiture of assets and to desist from sale and distribution of analogue substances in exchange for the Government's agreement not to prosecute him for the facts presented in relevant pleadings (Dkt. 252-1). Nevertheless, after the settlement, he continued to operate the DTO (Dkt. 245, at 10-13, ¶¶ 43-56).[2]

Bowles and others received over $15,409,000 in illicit proceeds from the sale of synthetic cannabinoids. In his plea agreement, he admitted that he knew the products were for human consumption, that the products "are subject U.S.S.G. Drug Conversion Tables of 1 gram of synthetic cannabinoids equals 167 grams of converted drug weight," and that he conducted financial transactions knowingly to conceal and disguise the nature, source, ownership, or control of the proceeds (Dkt. 217, at 10-11).

On August 25, 2022, the Court held an evidentiary hearing at which the Government presented testimony regarding synthetic cannabinoids generally and the dangers they posed (Dkt. 305). The Court held Bowles' sentencing the next day. Based on his offense level of 37 and criminal history, the range under the Sentencing Guidelines was 210-240 months in prison. The Court heard arguments from counsel about the defendant's motion for a variance and other sentencing factors, as well as a statement from Bowles. The Court then sentenced Bowles to 192 months in federal prison, a three-year term of supervised release,

---

[1] As of April 10, 2017, both substances are Schedule I Controlled Substances; before April 10, 2017, they were Controlled Substance Analogues as defined in 21 U.S.C. § 802(32)(A) (*id*. at 8, ¶¶ 38-39).

[2] Bowles did not object to the PSR (Dkt. 246).

a $40,000 fine, and a special assessment of $100. The Court also ordered forfeiture of property as requested by the Government. *See* Dkt. 319 (judgment); Dkt. 310 (sentencing transcript); Dkt. 284 (final order of forfeiture).

Bowles did not appeal. On July 31, 2023, he filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. 357), followed by an amended motion (Dkt. 369) and a memorandum in support (Dkt. 370). The Government filed a motion for summary judgment (Dkt. 374), to which Bowles responded (Dkt. 395).

## II.  LEGAL STANDARDS

A prisoner sentenced by a federal court may move the court under 28 U.S.C. § 2255 to "vacate, set aside[,] or correct the sentence" on one of four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).

A motion under § 2255 requires an evidentiary hearing "unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (cleaned up); *see* 28 U.S.C. § 2255(b). If, based on the pleadings and the record, the court can conclude as a matter of law that the movant cannot establish a necessary element for his claim, then an evidentiary

hearing is unnecessary. *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009); *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

Pleadings filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see United States v. Moron-Solis*, 388 F. App'x 443, 444 (5th Cir. 2010).

### III. DISCUSSION

Bowles' motion under § 2255 brings two grounds for relief: (1) his counsel was constitutionally ineffective because he failed to challenge a miscalculation of the base offense level based on drug quantity; and (2) his counsel was constitutionally ineffective because he failed to challenge the drug equivalence ratio of 1:167 that was applied to synthetic cannabinoids for sentencing purposes. He requests that this Court vacate his sentence and order a new sentencing hearing to permit consideration of a downward variance and imposition of an appropriate sentence (Dkt. 357, at 4, 12; Dkt. 369, at 5, 12).

A criminal defendant claiming ineffective assistance of counsel must show that defense counsel rendered deficient performance and that the defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668 (1984).

> To demonstrate deficient performance, the defendant must show that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." . . . .

> To demonstrate prejudice under *Strickland*, [the defendant] must show that counsel's deficient performance was "so serious as to deprive him of a fair trial, a trial whose result is reliable." This requires the showing of a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different.

*Rhoades v. Davis*, 852 F.3d 422, 431-32 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687-89, 694).

### A.     Ineffective Assistance of Counsel (Drug Quantity)

Bowles argues that his trial counsel was ineffective because he failed to notice an alleged mistake in the calculation of Bowles' base offense level. He argues that his correct base offense level was 32, with a total offense level of 35, whereas the Government and the Court applied a base offense level of 34 and a total offense level of 37. He claims that his counsel was deficient for failing to notice the mistake and that he was prejudiced because, with the lower offense level, his guideline range for imprisonment would have been 121-151 months (Dkt. 369, at 4; Dkt. 370, at 2-3).

The PSR holds Bowles accountable for 126.41 kg of synthetic cannabinoids (Dkt. 245, at 14 ¶ 57). Bowles' current argument is premised on his assertion that, according to his plea agreement, he was responsible for only 23 kg of synthetic cannabinoids (Dkt. 370, at 2). However, the portion of the plea agreement to which Bowles refers states that, during the course of the conspiracy, a confidential source who was a purported smoke shop owner in Laredo, Texas, purchased "over 23 kilograms" of synthetic cannabinoids from Bowles and his associates (Dkt. 217, at 9 & n.1). Moreover, the plea agreement did not limit Bowles' culpability to the Laredo shop (*id.* at 8 (stating that Bowles manufactured,

packaged, sold, and distributed synthetic cannabinoids "to retail establishments throughout the United States, including the Southern District of Texas")). Bowles' argument in these proceedings thus is contrary to the terms of the plea agreement.

Bowles fails to show an error in the offense levels stated in the PSR. His counsel did not object to the PSR, and his current motion provides no basis on which counsel might have objected, other than the plea agreement's reference to 23 kg of synthetic cannabinoids, as discussed above. He thus does not meet his burden under *Strickland* to show that his counsel's failure to object was deficient or that counsel's representation fell outside of *Strickland*'s wide range of reasonable assistance. Summary judgment will be granted for the Government on Bowles' first claim.

### B.   Ineffective Assistance of Counsel (Drug Equivalence Ratio)

Bowles argues that his trial counsel was ineffective because he failed to challenge the 1:167 drug equivalence ratio applied to the synthetic cannabinoids in his case (Dkt. 357, at 4; Dkt. 369, at 5; Dkt. 370, at 3-7). The PSR applied the conversion factor when calculating the Converted Drug Weight (CDW) for which Bowles was accountable:

> Combining the various seizures results in a total of 106.41 kilograms of synthetic cannabinoid for guideline purposes. Pursuant to USSG §2D1.1 comment (n.8(D)) the Converted Drug Weight (CDW) of a controlled substance is used for guideline purposes for a controlled substance that is not referenced in the Drug Quantity Table. ***The conversion factor for a synthetic cannabinoid is 1gm of controlled substance is equivalent to 167 grams of CDW***. The defendant is accountable for 126.41 kilograms of synthetic cannabinoid, which becomes 21,110.47 kilograms of CDW.

(Dkt. 245, at 14 ¶ 57) (emphasis added). In reaching the amount for which Bowles was accountable, the PSR acknowledged and accounted for the challenges in calculating drug

quantities:

> ***In an abundance of caution,*** the probation officer will utilize a quantity of only 100 kilograms for the bulk synthetic cannabinoid, 1 kilogram for the concentrated synthetic cannabinoid, and 1 kilogram for the packaged synthetic cannabinoid. ***This represents a substantial reduction in favor of the defendant to account for errors in determining the quantity as well as packaging of the bulk drugs***. In this case, the smallest quantity the synthetic cannabinoids were packaged in for individual sale was 2 grams; however, ***again, in an abundance of caution***, an amount of 1 gram applied to 1,000 packages to arrive at the total of 1 kilogram of synthetic cannabinoid in packets from 2012 that is used.

(*id*. (emphasis added)).

In these proceedings, Bowles claims that his counsel's performance was deficient because counsel failed to pursue a downward variance based on the 1:167 ratio (Dkt. 369, at 5; Dkt. 370, at 7-11 (citing, *inter alia*, *Kimbrough v. United States*, 552 U.S. 85 (2007)). He argues that "the quantity of actual chemical substance" in the mixtures for which he was held accountable "cannot be determined with certainty" and that "[t]here is no scientific basis" for the 1:167 ratio (*id*. at 3).

Bowles' claim is refuted by the record. Not only did Bowles acknowledge in his plea agreement that the substances were subject to the 1:167 ratio (Dkt. 217, at 10-11), but his counsel filed a motion for downward variance that raised the issue (Dkt. 253, at 1-2; *see* Dkt. 310, at 4, 7-8). Bowles cannot show that his counsel was deficient for failing to argue the ratio when, in fact, counsel did so. He also fails to show that his counsel's

representation at sentencing fell outside *Strickland*'s wide range of reasonable assistance.[3] He thus fails to show deficient performance.

### C. Additional Claims

The Government's motion argues that any substantive grounds for relief in Bowles' motion are waived by his guilty plea (Dkt. 374, at 19-20). Because Bowles' response clearly states that he raises only ineffective-assistance-of counsel claims (Dkt. 395, at 4), the Court need not address the waiver issue.

### IV. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282

---

[3] To the extent Bowles argues that his counsel did not conduct an adequate investigation regarding the drug equivalence ratio, his claim fails because he does not allege with specificity "what the investigation would have revealed and how it would have changed the outcome of the trial." *United States v. Fields*, 761 F.3d 443, 454 (5th Cir. 2014), *as revised* (Sept. 2, 2014) (cleaned up). In the absence of such a showing, the claim is conclusory and subject to dismissal. *Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009).

(2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case

## V.    CONCLUSION

Because the record conclusively shows that Bowles is not entitled to relief, the Court need not conduct an evidentiary hearing. *See United States v. Owens*, 94 F.4th 481, 490 (5th Cir.), *cert. denied*, 145 S. Ct. 218 (2024).

For the reasons stated above, the Court **ORDERS** as follows:

1. The Government's motion for summary judgment (Dkt. 374) is **GRANTED**.

2. Bowles' motions for relief under 28 U.S.C. § 2255 (Dkt. 357; Dkt. 369) are **DENIED**.

3. A certificate of appealability is **DENIED**.

4. By separate order, the Court will enter final judgment in the corresponding civil case, No. 4:23-2821.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ____June 30_____, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE